# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-03092-MRA-MBK

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The undersigned has also reviewed the portions of the Report to which Respondents have objected.

In this habeas action involving immigration detention, the Report recommends the grant of the Petition and the issuance of a writ requiring Petitioner's immediate release and preventing Petitioner's re-detention absent a hearing at which the Government shows material changed circumstances justifying his re-detention.  (ECF No. 13.)  Respondents' objections to the

Report do not merit a different result.

Respondents object that the Petition is moot because Petitioner was released from custody on June 26, 2026.  (ECF No. 18 at 3-4.)  The habeas "statute does not limit the relief that may be granted to discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968).  Here, Petitioner requested not only his release, but also an order that he not be re-detained "without a pre-detention hearing before a neutral decisionmaker at which Respondents bear the burden of proving by clear and convincing evidence" that re-detention is warranted.  (ECF No. 1 at 16.)  "[A] case is not moot where *any* effective relief may be granted." *Forest Guardians v. Johanns*, 450 F.3d 455, 462 (9th Cir. 2006) (citation omitted).  Because the Court is authorized to grant the additional relief Petitioner seeks, his release did not render this action moot.

Respondents object that 8 U.S.C. § 1226(e) forecloses prospective collateral review of any future detention decision.  (ECF No. 18 at 4-5.)  Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  But Section 1226(e) "did not strip federal courts of traditional habeas jurisdiction. . . . [It] restricts jurisdiction only with respect to the executive's exercise of discretion, but that discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024).  Here, Section 1226(e) would not bar Petitioner from raising "due process and regulatory challenges to the procedures Respondents" would employ for purposes of re-detention.

*Ghamoushi-Ramandi v. Janecka*, 2026 WL 1107385, at *3 (C.D. Cal. Apr. 20, 2026); *see also Qazi v. Albarran*, 2025 WL 3033713, at *3 (E.D. Cal. Oct. 10, 2025) (Section 1226(e) does not bar judicial review where "Petitioner's claim is a challenge to the constitutionality of Petitioner's imminent redetention.").

Respondents object that the recommended remedy "on its face encroaches on territory" occupied by 8 U.S.C. § 1252(g).  (ECF No. 18 at  6.)  Section 1252(g) provides that, notwithstanding the habeas statute of 28 U.S.C. §  2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  The objection is not persuasive because this is a habeas action, with nothing to suggest that Petitioner seeks to use the action to challenge removal.  Petitioner "does not seek relief based on a challenge to the decision to 'commence proceedings,' to the 'adjudicat[ion]' of his case, or the 'execution' of any corresponding removal order."  *Venega-Maltez v. Semaia, et al.*, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026); *see also Yang v. Kaiser*, 2025 WL 2791778, at *3 (E.D. Cal. Aug. 20, 2025) (same, citing cases).

Respondents object that the recommended remedy is overbroad on its face as to the opposing parties because the only proper Respondent in this habeas action is Petitioner's immediate custodian.  (ECF No. 18 at 7.)  But in the immigration detention context at issue here, Petitioner may seek "relief that [his] immediate custodian would be unable to provide.  The Court thus finds the immediate custodian inapplicable to this case."  *Rivera v. Holder*, 307 F.R.D. 539, 544 n.1 (W.D. Wash. 2015) (declining to apply the immediate custodian rule in the immigration detention context) (citing cases).

Respondents object that the recommended remedy fails the Supreme

Court's narrow-tailoring rule.  (ECF No. 18 at 7-8.)  The Supreme Court has emphasized that "an injunction must be couched in the narrowest terms that will accomplish the pin-pointed objective of the injunction."  *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 767 (1994).  The injunction here would serve its pin-pointed objective, which is to prevent Petitioner from being re-detained without notice and an opportunity to be heard, as he previously had been.  As noted, the Court's "mandate is broad with respect to the relief that may be granted." *Carafas*, 391 U.S. at 239 (1968).  Under its broad mandate, the Court finds it appropriate to grant a prospective remedy enjoining future re-detention absent constitutionally required process.

Respondents object that the recommended remedy is not warranted "based solely on the single past episode" of Petitioner's unlawful re-detention. (ECF No. 18 at 8-9.)  But "there is no indication that Petitioner's status has changed, and Respondents have not suggested that they have disavowed their practices or adjusted their policies for re-detaining noncitizens like Petitioner." *Min v. Santacruz*, 2026 WL 712965, at *3 (C.D. Cal. Mar. 9, 2026).  Accordingly, the Court finds that injunctive relief with respect to prospective re-detention for this Petitioner is proper.  *See Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (injunctive relief is proper where a litigant "is realistically threatened by a *repetition* of [the violation]") (emphasis and alteration in original).

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS ORDERED that (1) the Petition is GRANTED; (2) a writ of habeas corpus requiring Petitioner John Doe's (A# 221-223-498) immediate release and preventing his re-detention absent a hearing at which the Government shows material changed circumstances justifying his detention; and (3)

Respondents are required to submit a status report within three calendar days confirming their compliance with the order.

Dated: June 30, 2026

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

5